## Federal Land Bank of New Orleans *v.* Cooper *et ux.*

(In Banc. April 10, 1939.)

187 So. 749. No. 33568.]

Robert L. Jones, of Brookhaven, and E. F. Steiner, T. H. Hedgepeth, J. V. Buffington, and W. L. Pack, all of New Orleans, La., for appellant.

**A. A. Cohn,** of Brookhaven, for appellees.

Argued orally by **W. L. Pack** for appellant, and by **A. A. Cohn,** for appellee.

**Ethridge, J.,** delivered the opinion of the court.

Knox Cooper, and his wife, Pearl A. Cooper, filed a bill against the Federal Land Bank of New Orleans, and R. L. Jones, substituted trustee, alleging that on the first day of May, 1918, the complainants were indebted to the defendants, and executed their note for the said debt, and also a deed of trust on certain lands described in the note to secure payment of said debt; that at the time of filing of the bill they were indebted to the defendant in the sum of approximately $2,100; that they were owners of the land described, and in possession of same; but that they are unable, under federal regulations to refinance their said indebtedness through any agency or instrumentality of the United States government, although they have made every effort to do so. The complainants further allege that the defendants have determined to foreclose the deed of trust, which is in the hands of their attorney, R. L. Jones, with instructions to foreclose. And that complainants desire to take advantage of chapter 247, Laws of Mississippi for 1932, amended by senate bill 34, Extraordinary Session 1935, c. 41, approved November 18, 1935. They further alleged that they were willing to do equity by complying with such orders of the court as might be entered under the provisions of the said statutes. The complainants wished to show that the value of their property is greater than the

indebtedness against it, and that if given the opportunity they would be able to refinance their loan, so that the indebtedness to defendants would be liquidated. The complainants averred that granting of the relief prayed for would not substantially diminish or impair the value of the deed of trust given as security; and prayed for an injunction to be granted, restraining the substituted trustee and the Federal Land Bank of New Orleans from proceeding with the foreclosure, or molesting their possession of the property.

The writ of injunction was directed to be issued by fiat of the Chancellor, and was served on the defendant. The bill was filed on the 5th of December, 1935, and writ of injunction issued on the 7th of December, 1935.

The defendants filed a motion in the court to dissolve the temporary injunction for reasons stated in the answer and cross-bill, and served notice on the complainants on June 8th, 1936, which notice was accepted by the attorney for the complainants. In the answer and cross-bill it was admitted that the notes and debt were correctly stated in the bill, with the exception that the sum due was claimed by defendants to be $2,099.31, plus interest; and that they had determined to foreclose the deed of trust, and had issued instructions so to do. They denied that complainants had any equity in the property, and charged on information and belief, that in addition to the amount due them, and secured by the deed of trust, complainants were largely indebted to the Brookhaven Bank & Trust Company, which held a second deed of trust on the property. And the defendants denied that the granting of relief sought would not substantially diminish or impair the value of the security. It is charged that on May 1, 1918, the defendant loaned complainant $1,800, which amount was secured by the deed of trust, with interest at the rate of .05½% the principal, under the terms of the instrument, payable in annual installments due on January 1st of each year, the annual installments, as originally made, being $117, includ-

ing one year's interest and a part of the principal; that the last installment paid by complainants was the one due January 1, 1931, and that complainants have failed and neglected to pay any installments since that time. On account of depressed conditions the defendants reduced the interest rate and the amount of the installments, but the complainants still neglected to pay them, and are in arrears for installments due January 1, 1932, 1933, 1934, 1935 and 1936, the only payments made since January 1, 1931, being as follows: September 5, 1935, $38.88, October 10, 1935, $3.82, and September 21, 1935, $52.72. And that after crediting these payments the complainants are now due the sum of $555.48, plus interest. It is charged that in addition to the failure of complainants to pay the installments mentioned, they neglected to pay the taxes due the state of Mississippi on the property, as well as that due Lincoln county, for the years 1931, 1932, 1933, 1934; and that on May 31, 1935, the defendant was forced, in order to protect itself, to pay the sum of $336.75, the amount due for said taxes, which complainants, under their deed of trust, had promised and agreed to pay. That, further, the taxes for 1935 are now delinquent, complainants having failed and neglected to pay same, and defendant will have to do so, in order to preserve its security.

It is further alleged that the complainants are now indebted to the Federal Land Bank in the sum of $2,099.31, and if prevented from exercising its right to foreclose the deed of trust it will suffer irreparable damage, because the property is deteriorating, while the defendant's investment is increasing in amount, with no substantial payments being made thereon; and further, that $15.00 had been expended in preparation for foreclosure. The defendant further shows that on March 5th, 1935, at complainants' request, they then being delinquent in payments on the debt, and the deed of trust subject to foreclosure, the payment of said indebtedness was extended until October 1, 1935, as shown by a copy

of chattel deed of trust, attached to the answer and cross-bill.

The defendants aver that under section 12, chapter 247, Laws of 1934, and amendments thereto, it is provided that the act shall not apply to securities which have been renewed or extended for a period ending more than one year after April 4, 1934; and that here the payment of the debt due by complainants was extended for such a period ending more than one year after the above date; and that the injunction should be dismissed for the reasons stated, praying for dissolution of the temporary injunction, and that the bill be dismissed and defendant authorized to proceed with the foreclosure.

Upon this bill, answer and cross-bill the court entered decree on June 8, 1936, refusing to dissolve the injunction, and found the reasonable rental value of the property to be $125 per year, and that complainants be required to pay the Federal Land Bank of New Orleans an annual rental of $125, such rental for the year 1936 to be paid on or before October 15, 1936, and a like amount on the same date of each year thereafter so long as the injunction should remain in effect; and the court retained jurisdiction for such further action as might be proper.

On August 8, 1938, notice was served that a motion would be presented to the Chancellor on August 15th to dissolve the injunction; and motion was filed by the defendants, reciting the former injunction, and that the legislature at the 1938 regular session adopted what is known as a mortgage moratorium act, being chapter 346, Laws of 1938; the last paragraph of section 12 of the act provides: "If the mortgagor or owner of the mortgaged premises or other interested party for whose relief this act is enacted has been in possession of the mortgaged premises from and after March 4, 1933, to the date of the passage of this act and has failed to pay the taxes on the mortgaged premises for the last three years, or has failed to pay the interest on the mortgage indebtedness for the last three years, then the provisions of this act shall not apply to such mortgages."

The motion further stated that the complainants had been in possession of the mortgaged premises long prior to March 4, 1933, have remained in possession thereof, and have not paid the taxes on said premises for the three years following; that the mortgaged property was sold in 1936 for taxes due for 1935; and that there are now three years' taxes due, the amount necessary to redeem said property being $276.06. The defendants further alleged that there does not now exist in the state of Mississippi any severe financial or economic depression or emergency; that prices for farm and factory products of the state are not so low as to create an emergency, and that there is no substantial lack of credit for farmers or business men or property owners, no general or extreme stagnation of business, agriculture or industry; and, further, that the declaration by the legislature in section 1 of the Moratorium Law, H. B. 152, c. 346, Laws of 1938, that a state of emergency exists, is without any foundation in fact.

It is alleged in the motion that there was no warrant or justification whatever for the exercise of the police power of the state by the legislature through the Moratorium Law, which, it is claimed, contravenes section 16 of the Constitution of Mississippi, and clause 1 of section 10 of article 1 of the Constitution of the United States, U. S. C. A., prohibiting the states from passing laws impairing obligations of contracts; and that the Moratorium Act is therefore wholly unenforceable and void.

By a supplemental answer, filed on the 30th of August, 1938, it was alleged that the injunction heretofore issued in this cause was ordered under the authority of chapter 287, Laws of 1936, and under section 16 of the act it was provided substantially as in the Laws of 1938, above cited; that the 1936 law expired by its own terms on the first day of May, 1938—repeating the allegations as to the complainants' being in possession of the land, and that they had not paid the taxes for the past three-years

—that it would require $276.06 to redeem the land; and repeating the allegations as to there being no state of emergency or lack of credit, etc., or any situation warranting the enactment of a moratorium law; and that such act impairs the obligations of contracts, etc. Thereupon the following statement of facts was stipulated: ''On the motion of the defendants to declare the injunction heretofore issued dissolved and for permission to proceed with the foreclosure of the deed of trust, it is agreed between the complainants and defendants as follows: That the complainants have continuously since and long prior to March 4th, 1933, been in possession of the lands described in the bill of complaint, and in the deed of trust, foreclosure of which was enjoined, and are now in possession thereof. That the said lands sold in the year 1936 for the taxes due for the year 1935 and that the Federal Land Bank of New Orleans redeemed from said sale on June 30th, 1938, by paying the sum of $274.26, which sum included taxes for the years 1935, 1936, 1937, which said taxes had not theretofore been paid. That all of the court papers in this cause specifically including the decree of June 8th, 1936, shall be a part of the record on this motion. That the complainants have paid the rent due under the above decree on October 15th, 1936, and on October 15th, 1937, and are, able, ready and willing to pay the rent due under said decree for the year 1938. That the annual interest on the debt due by complainants to defendant, Federal Land Bank, amounts to approximately $147.30, and premium on fire insurance amounts to $27.00 per annum.''

On this agreed statement of facts the Chancellor entered the following decree: ''This cause this day coming on for hearing on defendant's motion to declare the injunction heretofore issued dissolved and for permission to proceed with foreclosure of its deed of trust and on agreed statement of facts together with the pleadings and the court having heard and considered said motion is of opinion that said motion should be overruled but is of the further opinion that the decree of June 8th, 1936,

should be altered. It is, therefore, ordered, adjudged and decreed as follows: 1. That the defendant's motion to dissolve the injunction and to be permitted to foreclose be and the same is hereby overruled. 2. That the complainants be and they are hereby required to pay the defendant, Federal Land Bank of New Orleans, as provided in former decree for the sum of $125.00 to apply on the indebtedness due said bank. 3. That the complainants shall hereafter pay to the defendant, Federal Land Bank of New Orleans, on or before October 15th, 1939, the sum of $174.30 as rent of the property involved for the year 1939, to apply on the indebtedness due by the complainants to the said defendants, and annually thereafter on same date same amount during this order. 4. That the complainants, in addition to the rental payments above mentioned shall annually pay all ad valorem taxes becoming due against said property as same matures and becomes due. 5. That on default by complainants of any provisions of this decree the defendants may apply to the court, in term time or vacation on notice to the complainants, for relief. 6. And, the defendant excepting to the order of the court in overruling its motion, the exception is allowed and the defendants further feeling aggrieved by the action of the court and praying for an appeal and it appearing and the court being of opinion and finding that an appeal is proper in order to settle all the controlling principles involved in the cause, it is further ordered, adjudged and decreed that such appeal shall be and it is hereby allowed without supersedeas upon execution and filing of a bond in due form, approved by the Clerk of this Court in the sum of $100.00. Ordered, adjudged and decreed on this the 31st day of October, 1938.''

From this decree the appeal to this Court was prosecuted.

It will be seen from the statement of the case, and from the agreed statement of facts, that the mortgagor did not keep the taxes paid, but permitted them to go by default, so far as he was concerned, forcing the Land

Bank to put out further sums of money to preserve its security—which is not within the contemplation of the Moratorium Law. The security should not be endangered, and the mortgagee should not be required to expend its own funds, under the Moratorium Act, to pay taxes and other charges. The Moratorium Act was extremely favorable to the mortgagors or debtors, and compliance with its terms was a fundamental essential of the right to grant the injunction against foreclosure, according to the terms of the instrument. The complainant is not doing equity in the matter, and the continuance of the injunction, on the showing made in this record, was unauthorized under the terms of the act; the complainant was not entitled to that relief. In view of the failure of the complainant to comply with the act, he was not entitled to the remedy sought and granted; and it is unnecessary in this opinion to discuss the constitutional questions presented. In our view the legislature went to the verge of power under emergency conditions—whether it went beyond that power, under conditions existing in 1938, it is not now necessary to determine.

It results that the decree of the court below must be reversed, and that judgment will be entered here for the appellants, authorizing the proceedings to foreclose at once, without further right to enjoin such foreclosure.

Reversed and rendered.